J-A16026-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| VASYL S. KOVALCHUK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| YELENA V. KOVALCHUK | : | |
| | : | |
| Appellant | : | No. 464 MDA 2023 |

Appeal from the Order Entered March 3, 2023
In the Court of Common Pleas of Cumberland County Civil Division at
No(s): 2016-03340

BEFORE: PANELLA, P.J., BENDER, P.J.E., and McCAFFERY, J.

JUDGMENT ORDER BY BENDER, P.J.E.: **FILED SEPTEMBER 19, 2023**

Appellant, Yelena V. Kovalchuk ("Mother"), appeals *pro se* from the trial court's March 3, 2023 order denying the petition for modification of custody filed by her minor child, M.K. We dismiss this appeal, as Mother has failed to pay the requisite filing fee for her notice of appeal.

Mother filed a timely appeal from the trial court's March 3, 2023 order. Problematically, however, Mother did not pay the appropriate filing fee for the notice of appeal. **See** Pa.R.A.P. 905(c) ("The appellant upon filing the notice of appeal shall pay any fees therefor (including docketing fees in the appellate court) prescribed by Chapter 27."); Pa.R.A.P. 2701(a) ("A person upon filing any paper shall pay any fee therefor prescribed by law.").[1] On May 8, 2023, our Prothonotary's office sent Mother a letter, notifying her that the filing fee was overdue and that it is her responsibility to remit the fee promptly. As of

---

[1] Mother is not proceeding *in forma pauperis*.

the date of this writing, Mother still has not paid the filing fee for the notice of appeal. The docket reflects that the fee amount of $90.25 is still owed.

This Court has previously observed:

An appellate court certainly has the authority to dismiss an appeal on the basis of failure to tender the required fee; however, that authority is a discretionary remedy which the appellate court can impose if circumstances warrant. Dismissal is therefore not obligatory in all instances. Appropriate circumstances warranting dismissal of an appeal by an appellate court would be, for example, if the filing party unduly delays paying the requisite fee, or unduly delays seeking leave to appeal *in forma pauperis*. If also it has been demonstrated that a litigant has deliberately failed to remit a required filing fee, or exhibited a clear pattern of attempting to cause delay in legal proceedings by repeatedly filing appeals, and then failing to timely remit the appropriate fees, this Court will not hesitate to impose the sanction of dismissal, and any other sanctions that we deem appropriate.

*First Union Nat. Bank v. F.A. Realty Investors Corp.*, 812 A.2d 719, 723 (Pa. Super. 2002). Because Mother still has not paid the filing fee, despite our Prothonotary office's reminder to do so, we exercise our discretion to dismiss her appeal.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/19/2023